IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BREAD FOR THE CITY, INC.**<br>1525 7th Street NW<br>Washington, DC  20001,<br><br>                    Plaintiff,<br>         v.<br><br>**U.S. DEPARTMENT OF AGRICULTURE**<br>1400 Independence Ave, SW<br>Washington, DC  20250,<br><br>**THOMAS J. VILSACK**, in his capacity as Secretary of the U.S. Department of Agriculture,<br>1400 Independence Ave, SW<br>Washington, DC  20250,<br><br>**FOOD AND NUTRITION SERVICE**<br>U.S. Department of Agriculture<br>3101 Park Center Drive<br>Alexandria, VA  22302,<br><br>                    Defendants. | Civil Action No.: 1:15-cv-01591 |

**COMPLAINT**

1.      This is a civil action to compel the U.S. Department of Agriculture, its Secretary, and its Food and Nutrition Service (collectively, "Defendants" or "USDA") to comply with Congress's unambiguous mandate to provide billions of dollars of food to emergency feeding organizations who feed the needy and homeless.  In 2014, Congress passed the Agricultural Act of 2014 (P.L. 113-79) ("2014 Farm Bill"), which dramatically increased the amount of food available under the Emergency Food Assistance Program ("TEFAP").  For fiscal year 2015, USDA was supposed to purchase more than $600 million worth of food for TEFAP.  USDA has

1

Case 1:15-cv-01591   Document 1   Filed 09/30/15   Page 2 of 11

refused to comply with that mandate, purchasing not more than $327 million. Therefore, Plaintiff seeks (i) a writ of mandamus and declaratory and injunctive relief requiring the Defendants to comply with their mandatory, non-discretionary obligations under the 2014 Farm Bill, and (ii) prospective declaratory and injunctive relief that, *inter alia*, all future food purchases must meet the specific levels directed by Congress under the Farm Bill.

## JURISDICTION AND VENUE

2. The cause of action is a claim for mandamus and declaratory and injunctive relief under the APA, 5 U.S.C. §§ 701, *et seq.*, the Mandamus Act, 28 U.S.C. § 1361, and the Declaratory Judgment Act, 28 U.S.C. § 2202, to enforce the requirements of Section 4027 of the Farm Bill, as codified in Section 27(a) of the Food and Nutrition Act ("FNA"), 7 U.S.C. §2036(a).

3. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1361 (mandamus), and 28 U.S.C. § 1337 (regulating commerce).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e).

## PARTIES

5. Plaintiff Bread for the City, Inc. is a not-for-profit organization whose mission includes providing food to thousands of people in the Washington, DC area. In 2014, Bread for the City distributed food to 24,000 individuals and fed an average of 8,000 people a month. Since the early 1990's, Bread for the City has received millions of dollars' worth of food through TEFAP and has distributed or served that food to the needy and homeless.

6. Defendant USDA is the executive agency of the United States government authorized by Congress to administer TEFAP and to comply with the FNA.

7. Defendant Thomas J. Vilsack is the Secretary of the USDA. Secretary Vilsack is the official ultimately responsible for administering TEFAP and complying with the FNA.

8. Defendant Food and Nutrition Service ("FNS") is an agency of the USDA that is responsible for administering the Nation's domestic nutrition assistance programs through TEFAP, the FNA, and other statutes.

## NATURE OF THE ACTION

9. In 2014, more than 46 million people in the United States lived in poverty, including 19 million children and seniors.

10. In 2014, more than 48 million people lived in "food insecure households," including 20 million children and seniors. The USDA defines food insecure households as households of limited or uncertain access to adequate food. Members of these households typically worry that their food will run out before they have money to buy more, and they must cut or skip meals because of inadequate money for food.

11. The Supplemental Nutrition Assistance Program ("SNAP"), formerly known as the Food Stamp Program, is the cornerstone of the Nation's food assistance safety net, helping families put food on their tables. In 2014, however, only 61 percent of food insecure households participated in SNAP or the other major federal food assistance programs.

## THE EMERGENCY FOOD ASSISTANCE PROGRAM (TEFAP)

12. In 1983, Congress created TEFAP to authorize funding for and donations of excess commodities (food) for distribution to the needy and homeless by emergency feeding organizations. 7 U.S.C. §§ 7501, *et seq*. The program is intended to supplement the diets of low-income Americans by providing emergency food and nutrition assistance at no cost.

13. Congress provided that, under TEFAP, excess quantities of food "shall be made available by the [USDA] without charge or credit … for use by eligible recipient agencies for food assistance."  7 U.S.C. § 7502(a).

14. TEFAP expressly provides that USDA make the food available to State agencies who, in turn, must allocate a portion to emergency feeding organizations like Bread for the City. 7 U.S.C. §§ 7502(a), (g), 7505, 7508.

15. The program was initially established to dispose of surplus foods (especially cheese) held by the Commodity Credit Corporation, but was expanded to provide foods ranging from canned fruits and vegetables to rice.

16. By 1988, stocks of some foods held in surplus had been depleted, so Congress enacted the Hunger Prevention Act of 1988, which directed the USDA to purchase food specifically for TEFAP.  Thus, TEFAP receives both surplus food from the USDA and food purchased by USDA with appropriated funds.

17. TEFAP funds are drawn from the general appropriation for SNAP, obviating the need for a separate appropriation.  7 U.S.C. § 2036(a).

18. By 1996, the amount of food donated, purchased, and distributed by USDA had dropped off rapidly and essentially disappeared.  This experience convinced key members of Congress that only a clear statutory mandate to USDA would ensure food for TEFAP.

19. Section 27(a) of the FNA was Congress's means of achieving that goal.  In 1996, Congress amended Section 27(a) to state that "the Secretary shall purchase a dollar amount … of a variety of nutritious and useful commodities … and distribute the commodities to States for distribution in accordance with ["mandatory allotments" set out in 7 U.S.C. § 7515]."  § 27(a), 7 U.S.C. § 2036(a).

20. Section 27(a) mandates the specific amount of food that USDA must make available for TEFAP. 7 U.S.C. § 2036(a)(2). The amounts can vary from year to year and are indexed to address the cost of the Thrifty Food Plan, USDA's measure of the cost of a Spartan diet. *Id.* (citing 7 U.S.C. § 2012(u)(4)).

21. The Office of Management and Budget lists the purchase of food for TEFAP as part of a mandatory spending account.

22. The FNS typically informs States of their fiscal year food and administrative funding via an annual TEFAP funding memorandum. The amount each State receives is based upon the number of unemployed persons and persons with incomes below the poverty level in the State.

23. The FNS buys the food, including processing and packaging, and ships it to the States. State agencies, in turn, work out details of administration and distribution. They select local food banks that either (i) distribute the food directly to households or serve meals, or (ii) distribute the food to other local soup kitchens and food pantries who perform those functions.

## THE 2014 FARM BILL

24. On February 7, 2014, the 2014 Farm Bill was signed into law, reauthorizing funding for TEFAP for fiscal year 2014 and beyond. Agricultural Act of 2014 (P.L. 113-79), 7 U.S.C. § 2036(a).

25. Section 4027 of the Farm Bill directs USDA to purchase more than $2 billion in food for TEFAP between 2015 and 2018. 7 U.S.C. § 2036(a)(2).

26. Specifically, the 2014 Farm Bill requires the following annual food purchases by

the USDA (roughly indexed for inflation):

| Fiscal Year | Total Food Purchases |
|---|---|
| 2015 | $602,000,000 |
| 2016 | $590,000,000 |
| 2017 | $589,000,000 |
| 2018 | $596,000,000 |

27. In a memorandum dated December 22, 2014, USDA interpreted the 2014 Farm Bill to authorize the purchase of only $327 million in food for FY2015, or $275 million less than mandated by Congress.  Of that $327 million, approximately $790,000 was allocated to the Washington, DC area, where Plaintiff Bread for the City provides services to the needy and homeless.  In the past, Bread for the City has received a significant portion of the food allocated under TEFAP to Washington DC.

28. USDA has refused to purchase the total amount of food mandated by the 2014 Farm Bill.

29. Notably, the 2014 Farm Bill was projected to reduce spending for SNAP in 2014, notwithstanding the fact that the number of people participating in the program has increased by 16% since 2010.  Historically, when Congress has reduced funding for SNAP, it has increased funding for TEFAP.

30. Bread for the City has participated in TEFAP for at least twenty years.  It expects that its TEFAP allocation would have been higher in fiscal year 2015 had Defendants purchased the full $602 million worth of food as mandated by the 2014 Farm Bill.

## COUNT I

### ACTION FOR WRIT OF MANDAMUS UNDER 28 U.S.C. § 1361

31. Plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 30.

32. Under the terms of Section 27(a) of the FNA, the USDA is required to purchase more than $600 million in food in FY2015. This requirement is mandatory and non-discretionary.

33. As of the date of this Complaint, Defendants have purchased not more than $327 million of food, well short of the $602 million mandated by Congress in the 2014 Farm Bill. Defendants have failed to comply with the purchase requirements set forth in Section 4027 of the Farm Bill, as codified in Section 27(a) of the FNA, 7 U.S.C. § 2036(a)(2).

34. Defendants have a ministerial duty to purchase more than $600 million of food in FY 2015, and more than $2 billion of food from 2015 to 2018.

35. Plaintiff has no adequate remedy at law because Defendants have failed to purchase the mandated amount of food.

36. Accordingly, this Court should issue a Writ of Mandamus, pursuant to 28 U.S.C. § 1361, directing Defendants (a) timely to comply with the mandatory, non-discretionary obligations under Section 4027 of the Farm Bill, as codified in Section 27(a) of the Food and Nutrition Act, 7 U.S.C. § 2036(a).

## COUNT II

### ACTION FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE ADMINISTRATIVE PROCEDURE ACT, 5 U.S.C. § 701

37. Plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 36.

38. Under the terms of Section 27(a) of the FNA, the USDA is required to purchase more than $600 million in food in FY2015. This requirement is mandatory and non-discretionary.

39. As of the date of this Complaint, Defendants have purchased not more than $327 million of food, well short of the $602 million mandated by Congress in the 2014 Farm Bill.

40. Defendants have failed to comply with the purchase requirements set forth in Section 4027 of the Farm Bill, as codified in Section 27(a) of the FNA, 7 U.S.C. § 2036(a).

41. Defendants have a ministerial duty to purchase more than $600 million of food in FY 2015, and more than $2 billion of food from 2015 to 2018.

42. Plaintiff has no adequate remedy at law because Defendants have failed to purchase the mandated amount of food.

43. Accordingly, this Court should issue declaratory and/or injunctive relief under the Administrative Procedure Act, 5 U.S.C. § 706(1), "compel[ling] agency action unlawfully withheld or unreasonably delayed" and directing Defendants (a) to purchase for distribution the additional $223 million in food for distribution in 2015 to the needy and homeless, and (b) to otherwise comply with Section 4027 of the Farm Bill, as codified in Section 27(a) of the FNA, 7 U.S.C. § 2036(a).

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for judgment as follows:

(a) That the Court issue a Writ of Mandamus, pursuant to 28 U.S.C. § 1361, directing Defendants timely to comply with the mandatory, non-discretionary obligations under Section 4027 of the Farm Bill, as codified in Section 27(a) of the Food and Nutrition Act, 7 U.S.C. § 2036(a).

(b)     That the Court issue a Writ of Mandamus, pursuant to 28 U.S.C. § 1361, directing Defendants (a) to purchase for distribution the additional $275 million in food for distribution in 2015 to the needy and homeless, and (b) to otherwise comply with Section 4027 of the Farm Bill, as codified in Section 27(a) of the FNA, 7 U.S.C. § 2036(a).

(c)     That the Court issue declaratory and/or injunctive relief under the Administrative Procedure Act, 5 U.S.C. § 706(1), and the Declaratory Judgment Act, 28 U.S.C. § 2201, "compel[ling] agency action unlawfully withheld or unreasonably delayed" and directing Defendants timely to comply with their mandatory, non-discretionary obligations under Section 4027 of the Farm Bill, as codified in Section 27(a) of the Food and Nutrition Act, 7 U.S.C. § 2036(a)(2).

(d)     That the Court issue declaratory and/or injunctive relief under the Administrative Procedure Act, 5 U.S.C. § 706(1), and the Declaratory Judgment Act, 28 U.S.C. § 2201, "compel[ling] agency action unlawfully withheld or unreasonably delayed" and (a) to purchase for distribution an additional $275 million in food for distribution in 2015 to the needy and homeless, and (b) to otherwise comply with Section 4027 of the Farm Bill, as codified in Section 27(a) of the FNA, 7 U.S.C. § 2036(a).

(e)     That Plaintiffs be allowed their costs and disbursements herein.

  (f)  That the Court provide such other relief as it deems just and proper.

Dated:  September 30, 2015

            Respectfully submitted,


            */s/ Thomas R. Lotterman*
            Thomas R. Lotterman (D.C. Bar No. 375796)
            Robert G. Hibbert (D.C. Bar No. 385870)
            Bryan M. Killian (D.C. Bar No. 989803)
            MORGAN, LEWIS & BOCKIUS LLP
            2020 K Street, NW
            Washington, DC  20006-1806
            Telephone: (202) 373-6782
            thomas.lotterman@morganlewis.com
            rhibbert@morganlewis.com
            bryan.killian@morganlewis.com

            *Attorneys for Plaintiff Bread for the City, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BREAD FOR THE CITY, INC.<br><br>                 Plaintiff,<br>     v.<br><br>U.S. DEPARTMENT OF AGRICULTURE; THOMAS J. VILSACK, in his capacity as Secretary of the U.S. Department of Agriculture; and the FOOD AND NUTRITION SERVICE,<br><br>                 Defendants. | Civil Action No.: 1:15-cv-01591 |

**LCvR 7.1 CERTIFICATE**

I, the undersigned, counsel of record for Bread for the City, Inc. ("Plaintiff") certify that to the best of my knowledge and belief, Plaintiff has no parent companies, subsidiaries or affiliates with outstanding securities in the hands of the public. This representation is made in order that judges of this Court may determine the need for recusal.

Dated:  September 30, 2015

MORGAN, LEWIS & BOCKIUS

*/s/ Bryan M. Killian*
Thomas R. Lotterman (D.C. Bar No. 375796)
Robert G. Hibbert     (D.C. Bar No. 385870)
Bryan M. Killian       (D.C. Bar No. 989803)
2020 K Street, NW
Washington, DC 20006-1806
Telephone: (202) 373-6782
thomas.lotterman@morganlewis.com
rhibbert@morganlewis.com
bryan.killian@morganlewis.com

*Attorneys for Plaintiff Bread for the City, Inc.*